IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO:  6:09-CV-1300

**NELLIE DARLENE ARRINGTON, as Personal Representative for the Estate of ELLA SUVILLA CHURCH, deceased,**

      **Plaintiff,**
**vs.**

**WALGREEN CO.,**
**an Illinois corporation**

      **Defendant.**
_____/

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, NELLIE DARLENE ARRINGTON, as Personal Representative for the Estate of ELLA SUVILLA CHURCH, deceased, pursuant to Fed. R. Civ. P. 15, by and through undersigned counsel, and files this First Amended Complaint asserting multiple claims on behalf of the estate of ELLA SUVILLA CHURCH, deceased, against the Defendant, WALGREEN CO., and for cause of action alleges and avers:

## JURISDICTIONAL ALLEGATIONS

1.  This is an action stating multiple claims for damages exceeding the sum of $75,000.00, exclusive of costs, interest, and attorneys' fees.

2.  All conditions precedent have been performed, have occurred or have been waived prior to

the bringing of this action.

3. Undersigned counsel has conducted a good faith investigation into this claim.

4. At all times material, the Defendant, WALGREEN CO., hereinafter WALGREEN, was an Illinois corporation registered in the state of Florida to do business as a pharmacy and doing business within the State of Florida, including Orange County, Florida, as a pharmacy.

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332.

## **GENERAL FACTUAL ALLEGATIONS**

5. On February 18, 2006, ELLA SUVILLA CHURCH, hereinafter ELLA CHURCH, was discharged as an in-patient from Lehigh Regional Medical Center. At that time, ELLA CHURCH was an elderly person and she suffered from various medical and/or physical problems, including dementia and/or other memory and cognition problems related to the aging process.

6. At the time of her discharge from Lehigh Regional Medical Center on February 18, 2006, ELLA CHURCH was given a prescription for Bactrim DS/Septra DS.

7. Following her discharge from Lehigh Regional Medical Center on February 18, 2006, ELLA CHURCH took the aforesaid prescription to WALGREEN and the prescription for Bactrim DS/Septra DS was filled by WALGREEN, by and through it's agents and/or employees.

8. When WALGREEN's agents and/or employees filled the aforementioned prescription for ELLA CHURCH on February 18, 2006, they did so by selling ELLA CHURCH the generic replacement for the drug identified on the prescription.

9. At the time WALGREEN's agents and/or employees filled the aforementioned prescription

for ELLA CHURCH on February 18, 2006, WALGREEN, through it's agents and/or employees, actively knew and possessed the knowledge that ELLA CHURCH was allergic to sulfa based drugs and WALGREEN's agents and/or employees actively knew that the generic replacement drug sold to ELLA CHURCH on February 18, 2006 was a sulfa based drug.

10. ELLA CHURCH, from February 18, 2006, up until her death in May 2006, did not know and never learned or knew that the generic replacement sold and given to her by WALGREEN was a sulfa based drug and ELLA CHURCH did not know nor did she ever know or learn, from February 18, 2006 until her death in May 2006, that this generic drug caused her severe allergic reaction and injuries from which she suffered between February 18, 2006 and her death in May 2006.

11. On February 18, 2006, WALGREEN, by and through it's agents and/or employees, owed ELLA CHURCH the following duties when WALGREEN, as a pharmacy, acting by and through it's agents and/or employees, knowingly filled the aforementioned prescription for ELLA CHURCH, to wit:

   a. WALGREEN, by and through it's agent and/or employees, had a duty to know and did know, on February 18, 2006, that ELLA CHURCH was allergic to sulfa based drugs.

   b. WALGREEN, by and through it's agents and/or employees, had a duty to know and did know, on February 18, 2006, that Bactrim DS/Septra DS, and it's generic replacement, was a sulfa based drug.

   c. WALGREEN, by and through it's agents and/or employees, had a duty to know and did know, on February 18, 2006, that it was medically contraindicated for ELLA CHURCH to use and ingest a sulfa based drug such as had been prescribed to her,

Bactrim DS/Septra DS and/or it's generic replcement, based on the fact that ELLA CHURCH was allergic to sulfa based drugs.

d. WALGREEN, by and through it's agents and/or employees, owed a duty to ELLA CHURCH on February 18, 2006 to not produce, provide, sell, fill and/or otherwise supply a sulfa based drug, such as Bactrim DS/Septra DS or it's generic replacement, to ELLA CHURCH.

e. WALGREEN, by and through it's agents and/or employees, owed a duty to ELLA CHURCH to know, and did know, on February 18, 2006, that filling, selling, providing, producing and/or giving a sulfa based drug to ELLA CHURCH, who had a sulfa drug allergy, could result in a serious injury or even death.

f. WALGREEN, by and through it's agents and/or employees, owed a duty to ELLA CHURCH on February 18, 2006 to recommend an alternative antibiotic and/or alternative drug to ELLA CHURCH which was not a sulfa based drug based on the patient's known allergy to sulfa based drugs.

g. WALGREEN, by and through it's agents and/or employees, owed a duty to ELLA CHURCH on February 18, 2006 to warn and otherwise advise ELLA CHURCH that Bactrim DS/Septra DS or it's generic replacement was a sulfa based drug, that she was allergic to sulfa based drugs, and that if she took the Bactrim DS/Septra DS or it's generic replacement, that ELLA CHURCH could suffer serious injury or death by taking the said drug and that ELLA CHURCH should not take the said drug.

### COUNT I
### NEGLIGENCE BY WALGREEN

12. The Plaintiff's decedent, ELLA CHURCH, by and through her personal representative, NELLIE DARLENE ARRINGTON, realleges and reavers the allegations contained in paragraphs 1 through 11 above, as if fully set forth herein, and further alleges:

13. Defendant, WALGREEN, breached the above-referenced duties owed to ELLA CHURCH as outlined above, on February 18, 2006, when WALGREEN, by and through it's agents and/or employees, filled, sold, produced, provided and/or gave a sulfa based drug to ELLA CHURCH when it knew that ELLA CHURCH was allergic to a sulfa based drug and WALGREEN was negligent thereby.

14. As a direct and proximate result of the negligence of WALGREEN aforesaid, the Plaintiff's decedent, ELLA CHURCH, suffered severe injuries and damages from an allergic reaction when ELLA CHURCH consumed and ingested the sulfa based drug filled, sold, provided, produced and/or given to ELLA CHURCH by WALGREEN's agents and/or employees. Plaintiff, NELLIE DARLENE ARRINGTON, as personal representative for the estate of ELLA CHURCH, brings claim for the pain and suffering, disability, disfigurement, burns, scarring, loss of enjoyment of life, and cost of medical and nursing care suffered by ELLA CHURCH as a proximate result of ingesting and taking the aforementioned sulfa based drug sold to her by WALGREEN on and after February 18, 2006.

WHEREFORE, the Plaintiff, NELLIE DARLENE ARRINGTON, as Personal Representative for the estate of ELLA CHURCH, deceased, sues the Defendant, WALGREEN, and demands judgment for damages and trial by jury on all issues triable as a matter of right by jury.

## COUNT II
## RECKLESS DISREGARD BY WALGREEN

15. ELLA CHURCH, by and through her personal representative, NELLIE DARLENE ARRINGTON, reallges and reavers the allegations contained in paragraphs 1 through 11 above, as if fully set forth herein, and further alleges:

16. When WALGREEN, by and through it's agents and/or employees, sold the generic form of a sulfa based drug to ELLA CHURCH on February 18, 2006, WALGREEN did so knowing that it was selling and giving ELLA CHURCH a sulfa based drug, that ELLA CHURCH was allergic to sulfa based drugs and that ELLA CHURCH could suffer serious injury or even death by taking and ingesting this sulfa based drug.

17. Notwithstanding the knowledge possessed by WALGREEN on February 18, 2006 as outlined above, WALGREEN knowingly gave and sold this sulfa based drug to ELLA CHURCH and by doing so acted in reckless disregard for the life and safety of ELLA CHURCH and ELLA CHURCH was injured and damaged thereby, as more fully outlined in paragraph 14 above.

WHEREFORE, NELLIE DARLENE ARRINGTON, as personal representative for the estate of ELLA CHURCH, deceased, sues WALGREEN for these acts and actions of reckless disregard, and demands judgment for damages and trial by jury on all issues triable as a matter of right by jury.

## COUNT III
## INTENTIONAL MISCONDUCT BY WALGREEN

18. ELLA CHURCH, by and through her personal representative, NELLIE DARLENE ARRINGTON, reallges and reavers the allegations contained in paragraphs 1 through 11 above,

as if fully set forth herein, and further alleges:

19.     On February 17, 2006, Defendant WALGREEN, by and through it's agents and/or employees, knowingly and intentionally sold and gave ELLA CHURCH a drug which it knew was a sulfa based drug to which ELLA CHURCH was allergic and which drug, when taken and ingested by ELLA CHURCH, could cause serious injury or even death.

20.     WALGREEN injured and damaged ELLA CHURCH when it knowingly and intentionally sold and gave ELLA CHURCH a sulfa based drug on February 17, 2006, as more fully outlined in paragraph 14 above.

WHEREFORE, NELLIE DARLENE ARRINGTON, as personal representative for the estate of ELLA CHURCH, deceased, sues WALGREEN for intentional misconduct and demands judgment for damages and trial by jury on all issues triable as a matter of right by jury.

## COUNT IV
## ACTIVE FRAUD BY WALGREEN

21.     ELLA CHURCH, deceased, by and through her personal representative, NELLIE DARLENE ARRINGTON, realleges and reavers the allegations contained in paragraphs 1 through 20 above, as if fully set forth herein, and further alleges:

22.     WALGREEN was required pursuant to Florida Law on February 17, 2006 to have a licensed pharmacist sell, produce, provide, fill and dispense the aforementioned prescription to ELLA CHURCH.

23.     WALGREEN did, on February 17, 2006, knowingly and actively sell, produce, provide, fill and dispense the aforementioned prescription to ELLA CHURCH without a licensed pharmacist being present at the time of said sale to ELLA CHURCH and WALGREEN acted

fraudulently toward ELLA CHURCH on February 17, 2006 by doing so in violation of Florida Law and ELLA CHURCH was injured and damaged thereby as more fully outlined in paragraph 14 above.

WHEREFORE, NELLIE DARLENE ARRINGTON, as personal representative for the estate of ELLA CHURCH, deceased, sues WALGREEN for fraud and demands judgment for damages and trial by jury on all issues triable as a matter of right by jury.

DATED this 19th day of August, 2009.

*s/ Mark V. Morsch*
_____
MARK V. MORSCH, ESQUIRE
Fla. Bar No. 0521876
THE MORSCH LAW GROUP
2425 Lee Road
Winter Park, FL  32789
(407) 645-3232
Counsel for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the forgoing has been furnished via U.S. Mail on this 19th day of August to the following: James A. Coleman, Esq., 612 E. Colonial Drive, Suite 250, Orlando, FL  32803.

*s/ Mark V. Morsch*
_____
MARK V. MORSCH, ESQUIRE
Fla. Bar No. 0521876
THE MORSCH LAW GROUP
2425 Lee Road
Winter Park, FL  32789
(407) 645-3232
Counsel for Plaintiff