**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NELLIE DARLENE ARRINGTON**
**as Personal Representative for the Estate of**
**Ella Suvilla Church, Deceased ,**

**Plaintiff,**

-vs-                                                                Case No. 6:09-cv-1300-Orl-31KRS

**WALGREEN CO.,**

**Defendant.**

# ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 15) filed by the Defendant, Walgreen Co. ("Walgreens"), and the response (Doc. 16) filed by the Plaintiff, Nellie Arrington ("Arrington"), in her capacity as personal representative of the estate of Ella Church ("Church").

**I.     Background**

According to the allegations of the Amended Complaint (Doc. 6), which are accepted as true for purposes of resolving this motion, Church was discharged from a hospital on February 18, 2006 and given a prescription for "Bactrim DS/Septra DS." (Doc. 6 at 2). Church took the prescription to a Walgreens pharmacy, where it was filled with a generic version of the drug, which was sulfa-based. (Doc. 6 at 2). At the time the prescription was filled, Walgreens, "through its agents and/or employees, actively knew and possessed the knowledge" that Church was allergic to sulfa-based drugs." (Doc. 6 at 3). The drug caused a severe allergic reaction and injuries.

(Doc. 6 at 3). Arrington has sued Walgreens for negligence (Count I), reckless disregard (Count II), intentional misconduct (Count III), and active fraud (Count IV).

**II.     Standards**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), this Court must view the complaint in the light most favorable to the Plaintiff,. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

**III.    Analysis**

    **A.     Duty**

Noting that Arrington has not alleged that the prescription was filled improperly – *i.e.*, with the wrong drug, or without a valid prescription – Walgreens seeks dismissal of all four counts on the grounds that "the sole duty owed by a pharmacy to its customer is to properly fill all lawfully

presented prescriptions." (Doc. 15 at 2). In support, Walgreens relies on a line of cases beginning with *McLeod v. W.S. Merrell Company*, 174 So.2d 736 (Fla. 1965). According to Walgreens, *McLeod* stands for the proposition that a pharmacy "has no duty to refuse to supply a patient with medication for which he has a valid and lawful prescription, nor any duty to warn of any purported dangers." (Doc. 15 at 2). However, the Defendant interprets that case much too broadly.

*McLeod* was a breach of warranty case, involving a plaintiff who had been harmed by one of the known side effects of a drug that had been prescribed by his doctor. The plaintiff sought to hold the pharmacist defendants liable, under a warranty theory, for their failure to warn him of the potential side effects. *Id.* at 738. The *McLeod* court held that pharmacists do not warrant the merchantability or fitness for a particular purpose of the drugs that they dispense, and that what the plaintiff was actually seeking to impose on the pharmacists was a form of liability without fault. *Id.* at 739. Rejecting any imposition of strict liability, the court held that a druggist who sells a prescription warrants only that "(1) he will compound the drug prescribed; (2) he has used due and proper care in filling the prescription (failure of which might also give rise to an action in negligence); (3) the proper methods were used in the compounding process; (4) the drug has not been infected with some adulterating foreign substance." *Id.*

Walgreens would have this Court interpret a pharmacist's duty to use "due and proper care in filling the prescription" as being satisfied by a robotic compliance with the instructions of the prescribing physician. In Walgreens' view, so long as the paperwork is in order, and so long as the drug going out the door matches the drug prescribed, the pharmacist (and, by extension, Walgreens) cannot face liability. However, none of the cases cited by Walgreens go this far. And though the law in this area is far from settled, two Florida Courts of Appeal have rejected this

contention.

In *Dee v. Wal-Mart Stores, Inc.*, 878 So. 2d 426, 427 (Fla. 1st DCA 2004), a doctor prescribed a painkiller containing fentanyl to a patient who had had a Cesarean section. The prescription did not have a time limit on it. *Id.* Four months after the prescription was written, the patient had it filled to treat an ankle injury. *Id.* She died in her sleep as a result of toxic overexposure to fentanyl. *Id.*

The plaintiff alleged that the lack of a time limit on the prescription rendered it unreasonable on its face. *Id.* The prescribed painkiller was likely to be fatal if taken by a person who was not on a particular drug regimen. *Id.* The plaintiff asserted that a pharmacist viewing the date on the prescription would reasonably have concluded that the patient by that time was not on the proper regimen, and should have warned the patient or sought authorization from the prescribing physician before dispensing the drug. *Id.* at 427-28. The trial court dismissed, but the First DCA reversed, finding that the allegations stated a cause of action in negligence. *Id.* at 428. Relying on *McLeod*, the *Dee* court noted that a pharmacy must use due and proper care in filling a prescription. *Id.* at 427. But if the pharmacy fills a prescription that is unreasonable on its face, the court continued, it may breach this duty of care, even if the prescription is lawful as written. *Id.*

The Fourth District Court of Appeal went even further in *Powers v. Thobhani*, 903 So. 2d 275 (4th DCA 2005). (Unlike the *Dees* case, the pharmacists in *Powers* were not in possession of information – the delay in filling the prescription – that would have been unknown to the doctor who wrote the prescription.) In *Powers*, it was alleged that Gail Powers' doctor had been overprescribing narcotics to her for several months, and she eventually died of an overdose. *Id.* at

-4-

276-77. Powers' husband sued the prescribing doctor and the two pharmacies that had filled the prescriptions.

In the case of the pharmacies, he argued that they had filled every prescription without question, including numerous prescriptions so close together that the pharmacies should have been put on notice that his wife was getting too many pills within too short a period. *Id.* at 277. The trial court held that pharmacies have no duty to act in such circumstances. *Id.* The appellate court reversed, relying on *Dee* and *McLeod,* and holding that those cases "confirm that factual circumstances exist under which negligence liability can be imposed on a pharmacy for failing to use due and proper care in filling prescriptions, even if the prescription is filled in accordance with the physician's instructions." *Id.* at 278. The court found that it was at least possible that the repeated filling of these sorts of prescriptions, without warning of their risks, might constitute a failure to use due and proper care. *Id.* at 279.

Thus, the two Florida courts that have addressed the question have held that a pharmacist's duty to use due and proper care in filling a prescription extends beyond simply following the prescribing physician's directions. In the instant case, accepting the allegations of the amended complaint as true, the defendant knew that Church was allergic to sulfa-based drugs and filled her prescription for such a drug without warning her or double-checking with her physician – similar to the defendant in *Dee*, who knew or should have known that the plaintiff in that case was likely unable to safely take the prescribed painkiller. Under these circumstances, the Court cannot rule as a matter of law that Walgreens did not act negligently in filling the prescription.

### B. Causes of Action

Walgreens argues that the second, third and fourth counts of the amended complaint– "Reckless Disregard," "Intentional Misconduct" and "Active Fraud," respectively – fail to state viable causes of action under Florida law. The Plaintiff disagrees, but concedes that the titles of those counts should have been better drafted to reflect the causes of action and seeks permission to amend the complaint again to do so. However, the Plaintiff offers no explanation as to how it might amend those counts to state a viable cause of action, and in the absence of such guidance the Court sees no way to do so. Those three counts will therefore be dismissed with prejudice.

### C. Statute of Limitations

The statute of limitations for professional malpractice claims against pharmacists under Florida law is two years. Fla. Stat. § 95.11(4)(a). Walgreens filed the prescription at issue in February 2006, but the instant case was not filed until June 2009, more than three years later. Walgreens argues that the case is therefore barred by the statute of limitations. However, the two-year clock for professional malpractice begins ticking "from the time the cause of action is discovered or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.11(4)(a). In the Amended Complaint, Arrington asserts that Church, who died in May 2006, never learned she had been given a sulfa-based drug. (Doc. 6 at 3). Despite Walgreens' conclusory assertions to the contrary, there are no facts alleged that indicate Church or Arrington knew or should have known about the potential negligence claim against Walgreens more than two years before this suit was filed.

## IV. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 15) is **GRANTED IN PART AND DENIED IN PART**. Counts II, III and IV are **DISMISSED WITH PREJUDICE**. In all other respects, the motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 9, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party