# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NELLIE DARLENE ARRINGTON**
**as Personal Representative for the Estate of**
**Ella Suvilla Church,**

        **Plaintiff,**

**-vs-**                                                     **Case No. 6:09-cv-1300-Orl-31KRS**

**WALGREEN CO.,**

        **Defendant.**

## ORDER

This matter comes before the Court on the Motion for Summary Judgment (Doc. 30) filed by the Defendant, Walgreen Co. ("Walgreen"), and the response (Doc. 34) filed by the Plaintiff, Nellie Arrington ("Arrington"), in her capacity as personal representative for the estate of her mother, Ella Church ("Church").

**I.    Background**

After an accident in early 2006, Church was hospitalized. She was discharged on February 18, 2006 and given a prescription for a sulfa-based antibiotic. The prescription was filled at a Walgreens pharmacy. Church was allergic to sulfa-based drugs, and suffered a reaction after taking the antibiotic. She died several months later. According to the allegations of the Second Amended Complaint (Doc. 28), she never learned that she had been given a sulfa-based drug.

On June 11, 2009, Arrington, in her capacity as personal representative, filed the instant suit against Walgreen. In the Second Amended Complaint, Arrington contends that Walgreen

employees were negligent in that they filled the prescription despite knowing of Church's allergy to sulfa-based drugs. (Doc. 28 at 3-4). Walgreen has raised a statute of limitations defense. (Doc. 29 at 2). By way of the instant motion, Walgreen seeks summary judgment as to that defense.

**II.     Standard**

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court is not, however, required to accept all of the

non-movant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458-59 (11th Cir 1994).

**III. Analysis**

Under Florida law, a claim for professional negligence must be filed within two years from the time "the cause of action is discovered or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.11(4). Walgreen contends that the statute of limitations as to any claim against it ran well before June 11, 2009, when this suit was filed. Based on her deposition testimony, Walgreen asserts (and Arrington does not deny) the following:

Within a few days of February 18, 2006 – the date on which Dr. Jerilee Lomas ("Dr. Lomas") wrote the antibiotic prescription at issue in this case – Arrington learned from a (different) doctor's office that the antibiotic contained sulfa and should be discontinued. Shortly thereafter, Church was readmitted to the hospital, where she was treated for blisters, which hospital personnel told Arrington had been caused by an allergic reaction to sulfa. On February 27, 2006, a different doctor told Arrington that her mother had been given a sulfa-based antibiotic, and the doctor diagnosed a drug reaction as the cause of Church's "significant rashes and pustules." Some time thereafter, Church was transferred to a different hospital, where she was told by hospital personnel that her mother was having an allergic reaction to the antibiotic. Moreover, she met with an attorney in 2006 about filing a claim against Dr. Lomas, and later that year retained her current attorney because she knew her mother had been allergic to sulfa and the doctor

should not have prescribed it for her.[1] Arrington also knew that the prescription had been filled at a Walgreens pharmacy, because she was the person who picked it up.

Arrington does not dispute that she knew of the existence of a cause of action for negligence in regard to her mother's prescription, at the latest, some time in 2006. However, she argues that the Court should not grant summary judgment on the statute of limitations defense for two reasons. First, she points out that there is a dispute between the pharmacy's records and her own testimony. According to the pharmacy's records, the prescription was phoned in to Walgreens and picked up two days later. According to her testimony, Arrington herself brought the prescription in to be filled, and picked it up two hours later. Arrington argues that if a jury were to believe her testimony on this point, rather than the Walgreens version, the jury could reasonably infer that some or all of the evidence supporting Walgreens is false, and rule in her favor on the merits of the case. The Court doubts that a reasonable jury could reach such a conclusion. However, the statute of limitations issue turns solely on evidence presented by Arrington – i.e., her testimony – rather than evidence presented by the Defendant. Accordingly, the Court need not decide which inferences the jury could reasonably draw if it were to doubt the pharmacy's records.

Arrington's second argument goes to the issue of when she discovered a basis for bringing suit against Walgreen. She argues that she long assumed the pharmacy contacted Dr. Lomas – presumably during the two hours between when she dropped off the prescription and when she picked it up – and got his permission to fill the prescription, despite Church's sulfa allergy. She

---

[1] She eventually filed suit against Dr. Lomas. That suit was settled in December 2008.

contends that she only learned to the contrary in December 2008, when she settled the suit she had brought against Dr. Lomas.

However, this argument fails. The statute of limitations for professional negligence begins to run when the plaintiff knew or should have known of the existence of the cause of action. Fla. Stat. § 95.114. Arrington knew in February 2006 that her mother had suffered a reaction because of a drug to which she had a long-standing allergy and which had been provided by a Walgreens pharmacy. At that point, she knew, in essence, everything she knew when she filed this suit in June 2009. The only thing that prevented her from bringing suit earlier was her mistaken belief that the pharmacy had double-checked with the prescribing physician before filling the prescription. But she cannot rely on her own, unilateral mistake to toll the statute of limitations.[2] At the very least, due diligence would have required her (or her attorney) to investigate whether Walgreen sought verification from Dr. Lomas before filling the prescription. As such, based on Arrington's testimony, that statute began to run in February 2006, when Arrington knew or should have discovered the cause of action she has asserted in this suit. As this suit was filed more than

---

[2] The doctrine of equitable tolling might apply if the Defendant had misrepresented the truth to Arrington, but she makes no such accusation.

two years after February 2006, the statute of limitations has run, and Walgreen is entitled to summary judgment. Accordingly, it is hereby

**ORDERED** that the Motion for Summary Judgment (Doc. 30) filed by the Defendant, Walgreen Co., is **GRANTED**. The Clerk is directed to enter judgment in favor of Walgreen Co. and close the case. Costs may be taxed against the Plaintiff.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 1, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party