FILED

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

2011 APR -5 PM 12: 46

U.S. DISTRICT COURT
MIDDLE DISTRICT OF
FLORIDA

No. 10-13549

District Court Docket No.
6:09-cv-01300-GAP-KRS

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2011
JOHN LEY
CLERK

NELLIE DARLENE ARRINGTON,
as Personal Representative for the Estate of
Ella Suvilla Church, Deceased,

    Plaintiff - Appellant,

versus

WALGREEN CO.,
an Illinois corporation,

    Defendant - Appellee.

A True Copy - Attested:
Clerk, U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

Appeal from the United States District Court for the
Middle District of Florida

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: March 02, 2011
For the Court: John Ley, Clerk of Court
By: Nancy M. Gilman

ISSUED AS MANDATE
APR 01 2011
U.S. COURT OF APPEALS
ATLANTA GA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 10-13549
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:09-cv-01300-GAP-KRS

NELLIE DARLENE ARRINGTON,
as Personal Representative for the Estate of
Ella Suvilla Church, Deceased,

Plaintiff - Appellant,

versus

WALGREEN CO.,
an Illinois corporation,

Defendant - Appellee.

Appeal from the United States District Court
for the Middle District of Florida

(March 2, 2011)

Before PRYOR, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Nellie Darlene Arrington ("Arrington") appeals the district court's grant of summary judgment in favor of Walgreen Co. ("Walgreen"). Acting as personal representative of her mother's estate, Arrington brought this suit alleging that Walgreen committed professional malpractice by filling a prescription for medicine to which Arrington's mother was allergic. The district court granted summary judgment for Walgreen after concluding that Arrington's action was barred by Florida's two-year statute of limitations governing professional negligence claims. Fla. Stat. § 95.11(4). We agree and affirm.

We review de novo a district court's grant of summary judgment, applying the same legal standards as those employed by the district court. Miccosukee Tribe of Indians v. United States, 566 F.3d 1257, 1264 (11th Cir. 2009). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists only if sufficient evidence is presented favoring the nonmoving party for a jury to return a verdict for that party." Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1336 (11th Cir. 1999) (quotation marks omitted). "In making this assessment, we review all facts and inferences reasonably drawn from the facts in the light most favorable to the nonmoving party." Id.

The facts in the light most favorable to Arrington are as follows. In February 2006, Walgreen dispensed to Arrington's mother a sulfa-based medicine to which she was allergic. Walgreen was aware of Arrington's mother's allergy to sulfa-based medicine, but nonetheless filled the medication, which Arrington then picked up from the Walgreen pharmacy. Shortly after taking the medication, Arrington's mother suffered an allergic reaction that required, inter alia, her to be admitted at Tampa General Hospital. While at Tampa General, Arrington learned that her mother had been prescribed and dispensed a medicine to which she was allergic, and furthermore learned that this medicine caused her mother's injuries.

Arrington met with a lawyer some time in 2006, and thereafter commenced an unrelated suit against the doctors who prescribed the contraindicated medication. Arrington settled that suit on December 1, 2008. About the time that Arrington settled her suit against the prescribing doctors, she learned that these doctors never authorized Walgreen to dispense the contraindicated medicine. This was the first time that Arrington had actual knowledge that Walgreen may have engaged in professional negligence.

Arrington filed this suit on June 11, 2009, more than two years after she became aware that the contraindicated medicine caused her mother's injuries, but less than two years after she had actual knowledge that Walgreen's negligence

3

may have contributed to those injuries. Thus, Arrington's suit is timely only if the statute of limitations did not begin until the day she had actual knowledge of Walgreen's alleged negligence.

Florida law provides that an action seeking to recover damages caused by professional malpractice must be brought within two years. Fla. Stat. § 95.11(4). This "period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.11(4)(a). Construing near identical language in the context of medical malpractice,[1] the Florida Supreme Court has explained:

> knowledge of the injury as referred to in the rule as triggering the statute of limitations means not only knowledge of the injury but also knowledge that there is a reasonable possibility that the injury was caused by medical malpractice. The nature of the injury, standing alone, may be such that it communicates the possibility of medical negligence, in which event the statute of limitations will immediately begin to run upon discovery of the injury itself. On the other hand, if the injury is such that it is likely to have occurred from natural causes, the statute will not begin to run until such time as there is reason to believe that medical malpractice may possibly have occurred.

---

[1] Medical malpractice claims are governed under Fla. Stat. § 95.11(4)(b), which similarly provides that causes of action must be brought "2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence." On account of this similarity, we agree with Walgreen that Florida's interpretation of section 95.11(4)(b) informs our interpretation of section 95.11(4)(a).

4

Tanner v. Hartog, 618 So. 2d 177, 181–82 (Fla. 1993) (footnote omitted). Furthermore, as the Florida Court of Appeals has explained, "[a] plaintiff who lacks actual knowledge of negligence is deemed to have constructive notice of the contents of medical records that disclose a possibly negligent act." Menendez v. Public Health Trust, 566 So. 2d 279, 281 (Fla. 3d DCA 1990) (collecting cases).

In light of these holdings, we agree with the district court that Arrington's action is barred by Florida's two-year statute of limitations. Arrington does not dispute that the prescription was improper or whether she knew that the prescription caused her mother's injury. Indeed, the only information Arrington did not know was whether Walgreen engaged in any negligent conduct in dispensing the medication. But Arrington was aware that *some* negligence likely occurred, and in fact met with an attorney and ultimately brought timely malpractice claims against other potential tortfeasors. See Doe v. Hillsborough Cnty. Hosp., 816 So. 2d 262, 265 (Fla. 2d DCA 2002) (collecting cases) (statute of limitations commenced when plaintiff became aware of "some physical injury or medical condition or event [that] had placed [her] in a posture where [she] could reasonably have been expected to consider the need to examine [the defendant's] records."). Under these circumstances, she thus had "reason to believe that

5

[professional] malpractice may possibly have occurred," and accordingly the statute of limitations commenced at that time. Tanner, 618 So. 2d at 182.

There is no dispute that Arrington knew of the cause of her mother's injuries, suspected those injuries were proximately caused by negligence, and even commenced her first lawsuit more than two years prior to commencing this suit against Walgreen. As a result, the district court correctly concluded that no genuine issue of material fact existed as to whether the Florida statute of limitations barred her professional malpractice action.

AFFIRMED.

A True Copy - Attested:
Clerk, U.S. Court of Appeals,
Eleventh Circuit

By /s/
Deputy Clerk
Atlanta, Georgia

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

FILED
2011 APR -5 PM 12: 46
US DISTRICT COURT
E DISTRICT OF FL
FLORIDA

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 01, 2011

Sheryl L. Loesch
United States District Court
401 W CENTRAL BLVD
ORLANDO, FL 32801

**Appeal Number: 10-13549-AA**
Case Style: Nellie Arrington v. Walgreen Co.
District Court Docket No: 6:09-cv-01300-GAP-KRS

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:

Original record on appeal or review, consisting of: 2 volumes

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Marcus L. Simmons
Phone #: (404) 335-6295

Enclosure(s)

MDT-1 Letter Issuing Mandate